UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH HURLEY,<br><br>      Plaintiff,<br><br> v.<br><br>AT&T CORP.; AT&T SERVICES, INC.; JOHN T. STANKEY,<br><br>      Defendants. | Case No. 3:25-cv-01755-JFS<br>(Hon. Joseph F. Saporito, Jr.)<br><br>Document Electronically Filed |

**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

  It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and it being jointly agreed to this form of discovery confidentiality order, it is ORDERED as follows:

  1. Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to in good faith designate as "Confidential" and subject to this Order any information, document, or thing, or redact a portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential"). If a redaction is made, its content must be self-evident (i.e., like a social security number) or either provided simultaneously in full for attorney's eyes only or described sufficiently by the producing party so as to permit the receiving party to understand the nature of its content. In the event that a document is produced in multiple formats (e.g., as an image file and a .txt file) that bear the same bates number in the file name, marking one format with the "CONFIDENTIAL" legend shall suffice to designate the document as Confidential in all formats using that same bates

number as part of the file name. In addition, any document that bears the word "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or similar legend in its file name or on a slip sheet representing a file in its native or other, non-stamped format shall be treated as Confidential under this Order.

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 with respect to Confidential material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms);

   b. In-house counsel for the parties;

   c. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

   d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing, including any third-party litigation and e-discovery software platforms utilized by the parties to store and review documents produced in this case;

   e. The Court and court personnel;

   f. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in

      depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  h. The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

  i. Counsel for a party to this litigation may display and discuss Confidential material with a person as part of preparation for a requested deposition or trial testimony to the extent that counsel in good faith believes the person is likely to be examined on matters directly related to the Confidential material sought to be displayed, provided the person has signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties.

  4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

  5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall designate the transcript as containing Confidential material during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) for Confidential material above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4. In any circumstance where a transcript has, or specific portions of a transcript have, been designated as Confidential using any method described herein,

the content of that transcript or those specific portions of the transcript is Confidential in all formats (e.g., digital, audio, video, paper).

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation (letter or email shall suffice), which shall describe with particularity the documents or information in question and shall state the grounds for such objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, either party may present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 26.3. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.8. If a party seeks to use Confidential material in support of any position taken in a filing, such party shall notify the designating party (either before or contemporaneous with and by the filing) and the designating party shall have seven days in which to file a motion to seal. During the period prior to the Court's decision on the motion to seal, the party seeking to use Confidential material shall file a redacted brief and redacted exhibits so as not to disclose information designated as Confidential material. The party may submit (but not file) the Confidential material directly to the Court. If no motion to seal is made by the designating party within the seven day period, the "Confidential" designation will be void as of Day 8 and the filing party may file the document in an unredacted form.

8.  If the need arises during trial or at any hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

9.  Data Breach.  If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

10. The inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time from discovery of the error.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Order.

11. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

12. If a non-party serves a party in this action with a subpoena or order ("demand") for disclosure of Confidential material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the

request are subject to this Confidentiality Order.  The party receiving the demand shall not disclose any Confidential material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later.  In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner.  The party who received the demand shall not oppose or otherwise interfere with the designating party's actions, unless the documentation at issue is the subject of an objection as set forth in Paragraph 7.

13.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Order.  However, information already known to both parties which both parties agree should be designated Confidential under this Confidentiality Order may be so designated.

14.    This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.    This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16.    Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source or to destroy all documents, exhibits (marked or unmarked), tangible things, or other materials containing the other party's Confidential information, or which contain and/or constitute attorney work product, as well as excerpts, summaries and digests revealing the other party's Confidential material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, and may retain copies of any attorney work product maintained in its document management system containing or reflecting such Confidential materials, so long as the Confidential information reflected in such materials will remain permanently protected from disclosure consistent with the provisions of this Confidentiality Order.  To the extent a party requests the return of its Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

| | |
|---|---|
| March 11, 2026 | Respectfully submitted, |
| /s/ Susan Saint-Antone<br>Kevin Console, Esquire<br>Susan Saint-Antoine, Esquire<br>Holly W. Smith, Esquire<br>1525 Locust Street, 9th Floor<br>Philadelphia, PA 19102<br>T: +1 215-545-7676<br>kevinconsole@consolelaw.com<br>santanto@consolelaw.com<br>hollysmith@consolelaw.com<br><br>**Attorneys for Plaintiff Judith T. Hurley** | /s/ Michael A. Schwartz<br>Michael A. Schwartz (PA 60234)<br>TROUTMAN PEPPER LOCKE LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19130<br>T: +1 215-981-4000<br>michael.schwartz@troutman.com<br><br>Jason C. Schwartz<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington D.C. 20036-4505<br>T: +1 202.955.8500<br>jschwartz@gibsondunn.com<br><br>Ashley E. Johnson<br>Ben Wilson<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue<br>Dallas, TX 75201-2923<br>T: +1 214.698.3100<br>ajohnson@gibsondunn.com<br>bwilson@gibsondunn.com<br><br>**Attorneys for Defendants AT&T Corp., AT&T Services, Inc., and John T. Stankey** |

**IT IS SO ORDERED.**

_____
JOSEPH F. SAPORITO, JR.
UNITED STATES DISTRICT COURT JUDGE

Dated: _____

-1-

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH HURLEY,<br><br>              Plaintiff,<br><br>   v.<br><br>AT&T CORP.; AT&T SERVICES, INC.;<br>JOHN T. STANKEY,<br><br>              Defendants. | Case No. 3:25-cv-01755-JFS<br>(Hon. Joseph F. Saporito, Jr.)<br><br>Document Electronically Filed |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is_____.

    4.    I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

    6.    I will limit use of Confidential material disclosed to me solely for purpose of this action.

    7.    No later than the final conclusion of the case, I will permanently destroy all Confidential material and summaries, abstracts, and indices thereof which come into my

possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained, provided that I may retain a copy of any report I have created, for my personal files, subject to the ongoing confidentiality restrictions provided in this Confidentiality Order.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                          _____

                                                                                [Print Name]