# GIBSON DUNN

Ashley E. Johnson
Partner
T: +1 214.698.3111
ajohnson@gibsondunn.com

August 6, 2026

The Honorable Joseph F. Saporito, Jr.
U.S. District Court for the Middle District of Pennsylvania
Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701

**Re:**   *Judith Hurley v. AT&T Corp. et al.*, **Case No. 3:25-cv-01755**

Dear Judge Saporito:

Defendants AT&T Corp. and AT&T Services, Inc. (collectively, "AT&T") respectfully request a telephonic discovery conference and, if necessary, a briefing schedule to move for entry of a protective order under Federal Rule of Civil Procedure 26(c)(1) prohibiting Plaintiff Judith Hurley from deposing AT&T's former Chief Strategy and Development Officer Thaddeus Arroyo—a quintessential apex witness.

Mr. Arroyo served as Chief Strategy and Development Officer of AT&T, a public company with a market capitalization exceeding $150 billion and more than 130,000 employees across 51 countries, and he reported directly to AT&T's Chairman and Chief Executive Officer. Mr. Arroyo retired from AT&T effective January 16, 2026. As Ms. Hurley acknowledges, five layers of management separated her from Mr. Arroyo: an associate director, a director, Assistant Vice President Mary Farnsworth, and Senior Vice President Robert LaGrone, who reported to Mr. Arroyo. Dkt. 31 ¶¶ 72–73. Mr. Arroyo will attest that he does not recall ever speaking with or meeting Ms. Hurley. He will further attest that he did not make or even approve any individual relocation or surplus decision within Ms. Hurley's business unit as part of AT&T's How and Where We Work initiative.

Yet on June 8, 2026, before she had taken a single deposition in this case, Ms. Hurley noticed Mr. Arroyo's deposition. AT&T opposes the deposition because Mr. Arroyo is an apex witness who has no personal, superior, or unique knowledge relevant to the claims in this case, and because any theoretically relevant information he may have can be obtained from lower-level employees through less burdensome

means. *See Jessen v. Model N, Inc.*, 2024 WL 3371433, at *4–6 (D.N.J. July 11, 2024); *accord George v. Pennsylvania Tpk. Comm'n*, 2020 WL 2745724, at *3 (M.D. Pa. May 27, 2020). That Mr. Arroyo has retired from AT&T makes no difference; courts in this Circuit apply the apex doctrine to block depositions of former executives as well as current ones. *See Harapeti v. CBS Television Stations Inc.*, 2021 WL 8316391, at *2 (D.N.J. Dec. 1, 2021), *R&R adopted*, 2021 WL 8316385 (D.N.J. Dec. 17, 2021).

The discovery taken since Ms. Hurley served the notice confirms that Mr. Arroyo has no relevant knowledge to offer. The deposition testimony of Ms. Hurley's third-level supervisor Mary Farnsworth demonstrates that Ms. Farnsworth was responsible for making decisions regarding which employees' roles would be relocated within Ms. Hurley's business unit as part of the How and Where We Work initiative, with oversight by Mr. LaGrone.

Ms. Farnsworth testified that she followed a straightforward process. She identified roles that should be relocated based on the How and Where We Work initiative's goal of consolidating AT&T's workforce in Dallas and Atlanta. When Ms. Hurley indicated that she was not willing to relocate to Dallas, she was surplused. Ms. Farnsworth also testified that she never communicated with Mr. Arroyo about the How and Where We Work initiative. Ms. Hurley's second-level supervisor, Ms. Patti Migliori, likewise testified that she never communicated with Mr. Arroyo about the initiative and received no documents from him concerning it.

As an apex witness, Mr. Arroyo's lack of involvement and personal knowledge concerning Ms. Hurley's termination prevents him from ever being a proper deponent. But his deposition is particularly improper now because Ms. Hurley has made no meaningful attempt to gather the information she seeks from the employees who were actually involved in implementing the How and Where We Work initiative.

Ms. Hurley has deposed only two of the four managers between herself and Mr. Arroyo. In fact, she has not yet deposed Mr. LaGrone, Mr. Arroyo's direct report who approved the relocation and surplus decisions for Plaintiff's business unit. Moreover, she withdrew her deposition notice to Stephanie Robertson—a member of Mr. Arroyo's chief of staff team—after AT&T advised Plaintiff it would be filing this motion, and did not notice a corporate designee of AT&T pursuant to Rule 30(b)(6). Under these circumstances, the severe burden imposed by an apex deposition is unwarranted. *See Ciarrocchi v. Unum Grp.*, 2009 WL 10676631, at *4 (D.N.J. Aug. 27, 2009) (barring deposition of apex executive "[b]ecause Plaintiff is yet to depose Defendant's corporate designee or other lower level employees with personal knowledge of the issues in this action"); *United States ex rel. Galmines v. Novartis Pharm. Corp.*, 2015 WL 4973626, at *1 (E.D. Pa. Aug. 20, 2015).

AT&T conferred with Ms. Hurley's counsel by email on June 10, 2026—two days after receiving the notice—and asked her counsel to identify any basis for contending that Mr. Arroyo has unique, relevant knowledge unavailable from lower-level witnesses. Ms. Hurley responded only with the conclusory assertions that Mr. Arroyo is not an apex witness and that the record "readily supports" his deposition, without addressing the governing standard. Much later, Ms. Hurley identified a few documents she contended justified the deposition, none of which reflects any direction from Mr. Arroyo regarding Ms. Hurley's role or which positions within her business unit would be relocated as part of the How and Where We Work initiative. Counsel conferred via videoconference on July 23, 2026, and Ms. Hurley confirmed that she will not withdraw the notice.

AT&T therefore respectfully requests a conference and, if necessary, permission to move for a protective order under Rule 26(c) precluding any deposition of Mr. Arroyo under the apex witness doctrine on the basis of burden, relevance, and proportionality, and requests that the deposition not proceed pending resolution of that motion.

DATE:    August 6, 2026          Respectfully submitted,

s/ *Ashley E. Johnson*

Ashley E. Johnson (*pro hac vice*)
Benjamin D. Wilson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX  75201-2923
T: +1 214.698.3100
*ajohnson@gibsondunn.com*
*bdwilson@gibsondunn.com*

Jason C. Schwartz (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036-4504
T: +1 202.955.8500
*jschwartz@gibsondunn.com*

Michael A. Schwartz (PA 60234)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
cc: *kevinconsole@consolelaw.com*  T: +1 215.981.4494
*santanto@consolelaw.com*  F: +1 215.981.4750
*hollysmith@consolelaw.com*  *michael.schwartz@troutman.com*